09-1972-ag
Li v. Holder

BIA
A077 297 765

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand ten.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> PETER W. HALL,
> > *Circuit Judges*.

_____

AI TING LI, A.K.A. AI QIN LI,
> *Petitioner*,

    v.                       09-1972-ag
                                   NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:       Ai Ting Li, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General, Civil Division; Stephen J. Flynn, Assistant Director, Office of Immigration Litigation; Jeffrey R. Meyer, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Ai Ting Li, a native and citizen of the People's Republic of China, seeks review of an April 10, 2009, order of the BIA denying her motion to reconsider. *In re Ai Ting Li, a.k.a. Ai Qin Li,* No. A077 297 765 (B.I.A. April 10, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). A motion to reconsider must specify errors of fact or law in the BIA's prior decision and be supported with pertinent authority. 8 C.F.R. § 1003.2(b)(1). Here, the BIA did not abuse its discretion in denying Li's motion to reconsider. In denying that motion, the BIA reconsidered its prior decision in light of *Matter of Compean,* 24 I. & N. Dec. 710 (A.G. 2009), concluding that the change in law did not affect its prior decision. The BIA reasonably concluded that by filing her

motion to reopen more than 90 days after her discovery of the alleged attorney misconduct, Li failed to exercise due diligence. This conclusion is consistent with our prior decisions. *See, e.g., Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir. 2008) (in order to warrant equitable tolling, an alien is required to demonstrate "due diligence" in pursuing his claims during "both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed."). Accordingly, the BIA did not abuse its discretion when it found "no legal or factual defect" in its prior decision denying Li's untimely motion to reopen based on ineffective assistance of counsel.[*]

---

[*]In June 2009, current Attorney General Holder vacated the former Attorney General's decision in *Matter of Compean,* directing the agency to "apply the pre-*Compean* standards to all pending and future motions to reopen based upon ineffective assistance of counsel, regardless of when such motions were filed." *Matter of Compean*, 25 I. & N. Dec. 1, 3 (A.G. 2009). Nonetheless, the BIA's reliance on *Compean* does not affect the outcome of this case. In order to establish ineffective assistance of counsel under both the *Compean* and *pre-Compean* standards, an alien is required to demonstrate that she exercised due diligence in pursuing her ineffective assistance of counsel claim. *See Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005). Here, the BIA denied Li's motion based on her failure to demonstrate that she exercised due diligence – a dispositive reason for denying a motion to reopen based on ineffective assistance of counsel independent of the vacated *Compean* decision.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk